## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IFC CREDIT CORPORATION, an Illinois corporation | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Case No. |
| CMK ENGINEERING, INC. AND MICHAEL KEITH, INDIVIDUALLY | ) ) ) ) | FILED: MARCH 26, 2008 08CV1755      PH JUDGE  GUZMAN |
| Defendants. | ) ) | MAGISTRATE  JUDGE  ASHMAN |

### VERIFIED COMPLAINT

NOW COMES IFC CREDIT CORPORATION by and through one of its attorneys,

BETH ANNE ALCANTAR of IFC CREDIT CORPORATION, and for its Complaint against

the Defendants, alleges and states as follows:

### FACTS APPLICABLE TO EACH COUNT - THE PARTIES

1.      Plaintiff, IFC Credit Corporation ("IFC") was and now is a corporation incorporated

under the laws of the State of Illinois, having its principal place of business at 8700 Waukegan

Road, Suite 100, Morton Grove, Illinois 60053.

2.      CMK Engineering, Inc. is an Arizona corporation, and has its principal place of

business in the State of Arizona.   Defendant, CMK Engineering, Inc. executed relevant

documents which are the subject of this lawsuit.

3.      Michael Keith ("Keith") is the Personal Guarantor, and has his principal place of

residence in the State of Arizona.

## JURISDICTION AND VENUE

4.        This court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(1), in that the matter in controversy exceeds, exclusive of interest and cost, the sum of $165,268.02 and is between citizens of different states.   Venue is proper pursuant to 28 U.S.C. §1391(a)(1). Additionally, a certain Equipment Finance Agreement, Agreement No. 22769001, and Guaranties were executed by the Defendants and are the subject matter of this suit. Those documents contain forum selection clauses designating this judicial district as the exclusive jurisdiction and venue for this action.

## COUNT I
## BREACH OF CONTRACT OF CUSTOMER CMK ENGINEERING, INC.

5.        IFC realleges and reincorporates, as if fully set forth herein, the allegations of Paragraphs 1 through 3 inclusive.

6.        On or about February 9, 2007, CMK Engineering, Inc., as customer, entered into Equipment Finance Agreement No. 22769001 (the "EFA") with Sun State Capital Corp. as Financer, for the purchase of certain personal property more particularly described therein (the "Equipment").   A copy of the EFA bearing a description of the Equipment is attached and incorporated as **"Exhibit A."**

7.        CMK Engineering, Inc. took delivery of and accepted the Equipment on or about February 9, 2007. (See "Acceptance of Delivery" Section of **"Exhibit A."**).

8.        On or about February 16, 2007 Sun State Capital Corp. assigned the EFA to Pioneer Capital Corporation, which was subsequently acquired by IFC Credit Corporation.

9.        The EFA obligates CMK Engineering, Inc. to make 36 consecutive monthly payments to the Financer in the amount of $2,538.76 each, inclusive of sales tax where applicable.

10.    The EFA provides at Paragraph 9 that in the event CMK Engineering, Inc. fails to pay any monthly payment as scheduled, the Financer may declare the entire amount due under the EFA immediately due and payable (the "Accelerated Balance").

11.    CMK Engineering, Inc. has failed and refused to pay monthly payments to IFC when due and incurred late charges pursuant to the EFA.

12.    Defendants failed to cure said defaults and consequently, pursuant to a Notice of Default and Acceleration, IFC, accelerated the EFA payments, which became immediately due and payable. Notices of Default and Acceleration were sent to CMK Engineering, Inc. True and correct copies of such Notices are attached hereto as "Exhibit B".

13.    IFC is entitled to recover from CMK Engineering, Inc. an amount equal to the Accelerated Balance, plus interest in accordance with the terms of the EFA, plus reasonable attorneys' fees, costs and expenses IFC may incur in the enforcement of its remedies under the EFA.

14.    After applying all just credits and deductions, there is presently due and owing to IFC the amount of not less than $165,268.02, exclusive of attorneys' fees, costs, and other applicable charges accruing pursuant to the EFA, as well as interest thereon.

15.    The obligation of CMK Engineering, Inc. to pay to IFC is based on a written contract. Accordingly, IFC is entitled to recover prejudgment interest at the rate provided by the EFA, which is 1.5% per month pursuant to paragraph 1 of the EFA.

WHEREFORE, IFC CREDIT CORPORATION respectfully requests that this Court enter judgment in its favor and against defendant CMK Engineering, Inc., jointly and severally with all other defendants in this action, as follows:

a)    Awarding IFC damages in the principal amount of not less than $165,268.02, together with pre-judgment interest at 18% from the date of default, which is $14,971.96 through March 24, 2008, until such sum is paid in full;

3

b)      Awarding IFC its reasonable attorneys' fees, and collection and court costs incurred in enforcing its rights under the EFA; and

c)      Awarding IFC such other and further relief as this Court deems just and reasonable.

## COUNT II
## BREACH OF CONTRACT OF
## GUARANTY BY MICHAEL KEITH

16.    As and for Paragraph 16 of its Verified Complaint, IFC restates Paragraphs 1 through 15 as if fully set forth herein.

17.    Defendant Keith Michael unconditionally and personally guaranteed the performance of CMK Engineering, Inc. under the EFA, in writing (the "Guaranty"). A true and correct copy of the Guaranty appears on the face of the EFA, which is attached as **"Exhibit A."**

18.    IFC has demanded that Keith satisfy the indebtedness of CMK Engineering, Inc. under the EFA, but Keith has failed and refused to do so.

19.    Keith is presently obligated to IFC for the principal amount due IFC of not less than $165,268.02, exclusive of reasonable attorneys' fees, costs and other applicable charges accruing pursuant to the EFA and the Guaranty, as well as interest thereon in accordance with the terms of the EFA.

20.    The obligation of Keith to pay IFC is based upon a written contract. Accordingly, IFC is entitled to recover prejudgment interest at the rate provided by the EFA, which is 1.5% per month pursuant to paragraph 1 and the Guaranty.

WHEREFORE, IFC CREDIT CORPORATION respectfully requests that this Court enter judgment in its favor and against defendant Michael Keith, jointly and severally with all other defendants in this action, as follows:

a)      Awarding IFC damages in the principal amount of not less than $165,268.02, together with pre-judgment interest at 18% from the date of default, which is $14,971.96 through March 24, 2008, until such sum is paid in full;

b)    Awarding IFC its attorneys' fees, collection and court costs incurred in enforcing its rights under the EFA; and

c)    Awarding IFC such other and further relief as this Court deems just and reasonable.

Respectfully submitted,

IFC CREDIT CORPORATION

By: /s/ Beth Anne Alcantar
        Attorney for Plaintiff

Beth Anne Alcantar, IARDC No. 06226582
Attorney for Plaintiff,
IFC Credit Corporation
8700 Waukegan Road, Suite 100
Morton Grove, IL 60053
(847) 663-6700

5

## CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of

Civil Procedure, the undersigned, David J. Stone, Vice President of Collection of IFC Credit

Corporation, certifies that the statements set forth in the foregoing instrument are true and

correct, except as to matters therein stated to be on information and belief and as to such matters

the undersigned certifies as aforesaid that the undersigned verily believes them to be true.

David J. Stone, Vice President - Collections

Beth Anne Alcantar, IARDC No. 06226582
Attorneys for Plaintiff,
IFC Credit Corporation
8700 Waukegan Road, Suite 100
Morton Grove, IL 60053
(847) 663-6700

CMK Engineering, Inc.

## Equipment Finance Agreement   Agreement Number: 2276900   Fed Tax ID# _____

This document was written in "Plain English". The words YOU and YOUR refer to the Customer. The words WE, US, and OUR refer to the Financer

### Customer Information

| | |
|---|---|
| **Full Legal Name of Customer:** | CMK ENGINEERING, INC. |
| Address: | 4142 W. Paradise Lane |
| City: | Phoenix    State: AZ    Zip Code: 85053    Phone: (602) 843-8888 |
| Equipment Location: | 4142 W PARADISE LN  Phoenix, AZ 85053 |

### Name And Address of Supplier(s)

| Supplier Name | Address | City | State | Zip | Phone |
|---|---|---|---|---|---|
| National Utility Equipment Company | 744 HWY. 87 GSC #3 | Calera | AL | 35040 | (205) 685-8119 |

### Equipment

| Quantity | Serial No. (if available) | Equipment Description |
|---|---|---|
| 1 | See Schedule A | |

### Equipment Finance Terms

| Payment Terms | Monthly Payment Amount | Security Deposit | Advance Payments |
|---|---|---|---|
| Commencement Date: _____ <br> Terms in months from Commencement Date: 36 <br> Payment Period: Monthly | 36 payments of $2,538.76 <br> (plus applicable Taxes) | $5,077.52    Received | 0   Payments for   $0.00 |

THIS AGREEMENT IS SUBJECT TO THE TERMS AND CONDITIONS PRINTED ON THIS PAGE ONE AND ON PAGE TWO WHICH ARE MADE A PART HEREOF AND WHICH CUSTOMER AND FINANCER ACKNOWLEDGE THAT THEY HAVE READ AND ACCEPT. THIS IS A NONCANCELABLE / IRREVOCABLE AGREEMENT. CUSTOMER'S OBLIGATIONS UNDER THIS AGREEMENT ARE ABSOLUTE AND UNCONDITIONAL AND ARE NOT SUBJECT TO ANY SETOFF, DEFENSE, OR COUNTERCLAIM. CUSTOMER REPRESENTS THAT ALL ACTIONS REQUIRED TO AUTHORIZE THE EXECUTION OF THIS AGREEMENT ON BEHALF OF CUSTOMER BY THE FOLLOWING SIGNATORY HAS BEEN TAKEN. THE SIGNATORY BELOW REPRESENTS THAT S/HE IS DULY AUTHORIZED TO SIGN THIS AGREEMENT FOR THE CUSTOMER.

**CUSTOMER AGREEMENT**

Dated: 2/9                     20 07

CUSTOMER: CMK ENGINEERING, INC.

SIGNATURE: _____

TITLE: Pres.

**FINANCER ACCEPTANCE**

Dated: 2-16                    20 07

SECURED PARTY: Sun State Capital Corp.

SIGNATURE: _____

TITLE: V. P. Sales

### ACCEPTANCE OF DELIVERY

No defect or unfitness of Equipment shall release Customer of the obligation to make payments or of any other obligations under this Agreement. Customer has received all of the items described under "EQUIPMENT DESCRIPTION" above or listed on a Supplement attached hereto and such Equipment is in good order and condition and is acceptable to Customer "as is, where is". The decals, labels, etc., if required and supplied have been affixed to the Equipment. Customer approves payment by Financer to the supplier(s) of the Equipment. Customer hereby certifies that Financer has fully and satisfactorily performed all covenants and conditions to be performed by Financer under this Agreement.

X _____

Date of Delivery   **CMK ENGINEERING, INC.**      Signature                                    Title

### GUARANTY

For purposes of this Guaranty, this Agreement shall mean this page one and page two, Guarantor shall mean the person making the guaranty, Financer shall mean the Financer indicated above and Customer shall mean the Customer indicated above. In order to induce Financer to enter into this Agreement with Customer, Guarantor absolutely, irrevocably and unconditionally guarantees to Financer all payments and other obligations under this Agreement. This is an absolute and continuing guaranty. THIS GUARANTY SHALL BE GOVERNED BY THE LAWS OF THE STATE OF ILLINOIS AND SUBJECT TO ALL TERMS OF PARAGRAPH 13 OF THIS AGREEMENT. The undersigned waives any right to require suit against Customer before enforcing this Guaranty.

X _____          X _____
Signature (1)                                      Signature (2)

X _____          X _____
Signature (3)                                      Signature (4)


PLAINTIFF'S EXHIBIT A

Finance Agreement: Subject to the terms of this Equipment Finance Agreement signed by you and us, rather than pay the cash price, you have chosen to request we finance for you the purchase price of personal property described under "EQUIPMENT DESCRIPTION" in this Agreement (such personal property and any upgrades, replacements, repairs and additions referred to as "Equipment") which you will use for business purposes only. Upon our payment to the Supplier for the Equipment, you will be the owner of the Equipment and title to the Equipment shall vest immediately in you. You hereby grant to us a first priority, purchase money security interest and lien on the Equipment and its proceeds to secure your obligations hereunder and under all other agreements with us, and you agree to all of the terms and conditions contained in this Agreement, which together are a complete statement of our agreement regarding the Equipment (this "Agreement"). This Agreement may be modified only by written agreement and not by course of performance. This Agreement becomes valid upon execution by us and will begin on the commencement date and for the number of consecutive months shown above or on the applicable Supplement. You also agree to pay to us interim payments in the amount equal to 1/30th of the monthly payment, multiplied by the number of days lapsing between the date on which payment is made to the supplier and the agreed upon first payment date. If any provision of this Agreement is declared unenforceable, the other provisions shall remain in full force and effect.

1. Payments: Payments will be paid monthly, each in the amount of the monthly payment shown above or on the applicable Supplement plus any applicable tax. You will pay the security deposit on the date you sign this Agreement. Subsequent payments will be due the first day of each payment period shown beginning after the first payment period. We will have the right to apply all sums received from you to any amounts due and owed to us under the terms of this Agreement. In the event this Agreement is not fully repaid, the security deposit will be retained by us to compensate us for our documentation, processing and other expenses.
If any part of a payment is late, you agree to pay a late charge of 15% of the payment amount and an interest charge of 1.5% of the amount outstanding per month for every month after the first month which the sum remains unpaid or the maximum amount allowed by law, whichever is less. If any interest payment hereunder exceeds the highest amount allowed by law, it shall be reduced to such rate and the excess interest refunded to you. In such event, you agree we will not be subject to any penalties provided by law for collecting or charging interest in excess of lawful rates.

2. Noncancellable: This is a noncancellable agreement and may not be cancelled by you for any reason whatsoever. You will make all payments whether or not you are satisfied with the Equipment and without deduction for any claim you may have against the supplier of the Equipment or against us.

3. Warranty Disclaimer: WE MAKE NO WARRANTY, EXPRESS OR IMPLIED, OR THAT THE EQUIPMENT IS FIT FOR A PARTICULAR PURPOSE OR THAT THE EQUIPMENT IS MERCHANTABLE. YOU AGREE THAT YOU HAVE SELECTED THE SUPPLIER AND EACH ITEM OF EQUIPMENT BASED UPON YOUR OWN JUDGMENT AND DISCLAIM ANY RELIANCE UPON ANY STATEMENTS OR REPRESENTATIONS MADE BY US. WE DO NOT TAKE RESPONSIBILITY FOR THE INSTALLATION OR PERFORMANCE OF THE EQUIPMENT. THE SUPPLIER IS NOT AN AGENT OF OURS AND NOTHING THE SUPPLIER STATES CAN AFFECT YOUR OBLIGATIONS UNDER THIS AGREEMENT. YOU WILL CONTINUE TO MAKE ALL PAYMENTS UNDER THIS AGREEMENT REGARDLESS OF ANY CLAIM OR COMPLAINT AGAINST SUPPLIER.

4. Location of Equipment/Inspection: You are the owner of the Equipment and agree to keep the Equipment free and clear of all liens and encumbrances and use only at the location(s) shown above. We may inspect the Equipment at any time during normal business hours.

5. Insurance; Risk of Loss: You bear the entire risk of loss or destruction of the Equipment. You agree to provide and maintain property insurance against loss, theft, damage and destruction of the Equipment until all obligations incurred by you under this Agreement are paid in full and to name us and our assigns as loss payee on such insurance. You also agree to obtain general public liability insurance in amounts and from an insurance company acceptable to us and name us and our assigns as additional insured. You are responsible for all risks of loss or damage to the Equipment and if any loss occurs you are required to satisfy all obligations under this Agreement. You agree to arbitrate any dispute regarding such insurance charges under the rules of the American Arbitration Association in Chicago, Illinois.

6. Indemnity: We are not responsible for any loss or injuries caused by the installation or use of the Equipment. You agree to hold us harmless and reimburse us for all losses and to defend us against any claim for costs, losses or injury caused by the Equipment or its use or related to this Agreement. Your indemnity obligation includes any cost, expense or liability we incur, including court costs, attorney fees, interest and penalties. Should you be entitled under applicable law to revoke your acceptance of the Equipment, you agree to reimburse and indemnify us for any payment by us to the Supplier of the Equipment.

7. Taxes and Fees: You agree to pay when due all taxes (including personal property tax, fines and penalties) relating to this Agreement or the Equipment. If we pay any of the above for you, you agree to reimburse us and to pay us a processing fee for each payment we make on your behalf. You also agree to pay us any filing fees prescribed by the Uniform Commercial Code and reimburse us for all costs and expenses involved in documenting and servicing this transaction. You further agree to pay us a closing fee on the date the first payment is due to cover our expense of closing the transaction.

8. Assignment: YOU HAVE NO RIGHT TO SELL, TRANSFER, ASSIGN OR SUBLEASE THE EQUIPMENT OR THIS AGREEMENT. You understand that we, without prior notice, have the right to assign, sell or transfer this Agreement or the Equipment to another financing source without your consent. You understand that the assignee will have the same rights and benefits but they do not have to perform any of our obligations. You agree that the rights of assignee will not be subject to any claims, defenses, or setoffs that you may have against us.

9. Default and Remedies: If you do not pay any payment or other sum due to other party or us when due or if you break any of your promises in this Agreement or any other agreement with us, you will be in default. If you are in default under this Agreement, then we at our sole election, shall have the right to exercise any or all of the following with or without notice: 1) at your expense, we or our agent can immediately repossess the Equipment without court order or other process of law; and/or 2) sell the Equipment at public or private sale and credit you for the net proceeds thereof (after deducting all costs related to the sale or disposition of the Equipment); and/or 3) accelerate all sums due or to become due and all amounts due hereunder will be payable upon our demand; and/or 4) as liquidated damages for breach of this Agreement and not as a penalty, institute appropriate legal proceedings against you and any Guarantor for accelerated sums, payments and charges due and payable but not specifically calculable hereunder; and/or 5) any remedy available to us under Article 9 of the Uniform Commercial Code or law or equity; and/or 6) require you to pay for our costs of collection and costs of enforcing our rights under this Agreement, including but not limited to, reasonable attorneys' fees and court costs. All accelerated payments or other payments chargeable under this Agreement shall be payable in full not subject to reduction on a present value or other basis. Our rights and remedies hereunder shall be cumulative and action upon one shall not be deemed to constitute an election of remedies or waiver of any other right or remedy to which we are entitled. In the case where software is part of the Equipment, we may instruct the licensor to terminate the Software License and any support and maintenance agreement(s). YOU AGREE THAT WE WILL NOT BE RESPONSIBLE TO PAY YOU ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES FOR ANY DEFAULT BY US UNDER THIS AGREEMENT.

10. UCC Filings: You authorize us to record an UCC-1 financing statement or similar instrument electronically or otherwise. You appoint us your attorney-in-fact to execute and deliver such instrument, in order to show our interest in the Equipment. You agree to take any other action we request to protect our rights under this Agreement from time to time and that we may file a copy of this Agreement as a financing statement. You will provide any landlord or mortgage waiver we request to protect our interest in the Equipment. You authorize us to endorse your name to any notes, checks, or other instruments for the payment of money relating to the Equipment (including insurance).

11. Security Deposit: Each security deposit is non-interest bearing and is to secure your performance under this Agreement. Any security deposit made may be applied by us to satisfy any amount owed by you, in which event you will promptly restore the security deposit to its full amount as set forth above or in the Supplement. We may commingle the security deposit with other funds.

13. Law and Jurisdiction: THIS AGREEMENT AND THE GUARANTY IS PERFORMABLE IN THE STATE OF ILLINOIS AND SHALL BE GOVERNED BY AND SUBJECT TO THE INTERNAL LAWS (AS OPPOSED TO CONFLICTS OF LAW PROVISIONS) AND DECISIONS OF THE STATE OF ILLINOIS. YOU, US AND GUARANTOR AGREE THAT ANY ACTION ARISING UNDER OR IN CONNECTION WITH THIS AGREEMENT OR GUARANTY MUST AT OUR OR OUR ASSIGNEE'S ELECTION BE COMMENCED ONLY IN A LOCAL, STATE, OR FEDERAL COURT LOCATED IN COOK COUNTY, ILLINOIS OR ANY OTHER COURT SELECTED BY OUR ASSIGNEE WHERE ASSIGNEE MAINTAINS ITS PRINCIPAL PLACE OF BUSINESS. YOU AND GUARANTOR HEREBY IRREVOCABLY CONSENT TO THE JURISDICTION AND VENUE OF ANY SUCH COURT AND WAIVE ANY OBJECTION RELATING TO IMPROPER VENUE OR FORUM NON CONVENIENS TO THE CONDUCT AND PROCEEDING IN ANY SUCH COURT. YOU, ANY GUARANTOR, AND US EXPRESSLY WAIVE ANY RIGHT TO A TRIAL BY JURY.

14. Notice: Consent to Service of Process; Miscellaneous: ANY INVOICE, NOTICE OR SERVICE OF PROCESS REQUIRED BY THIS AGREEMENT, OR BY LAW WITH RESPECT TO THIS AGREEMENT IS VALIDLY GIVEN WHEN MAILED POSTAGE PRE-PAID BY FIRST-CLASS MAIL OR BY A NATIONALLY RECOGNIZED OVERNIGHT COURIER TO YOU AND/OR GUARANTOR AT THE ABOVE-IDENTIFIED ADDRESS OR ANY ADDRESS HEREAFTER SUBMITTED TO US IN WRITING. You agree that the Equipment is being financed for business purposes only and will not be used for personal, family, or household purposes. You agree that facsimile copies of any documents received and verified by us may be deemed as an original, and that the original or such facsimile copy of this Agreement may be microfilmed or electronically duplicated, and a photo static copy of such microfilm or electronic duplication will be admissible as evidence of this Agreement and Guaranty. The parties hereto expressly waive the best-evidence rule. You acknowledge receipt of a copy of this Agreement. You agree that this Agreement will be binding upon your heirs, successors, or legal representatives. You agree that our waiver of any provision hereunder shall not constitute a waiver of any other matter.

Page 2 of 2 Initial _____

# EFA Equipment Schedule "A"

This Equipment Schedule "A" is to be attached to and become part of that Schedule of Financed Equipment dated _____ Feb 9 _____, 20 0 5 _____ by and between the undersigned and Sun State Capital Corp.

| Quantity | Serial Number | Equipment Description (List New or Used) |
|---|---|---|
| 1 | 1FDXF80E4TVA02697 | USED 1996 FORD F-800 |
| 1 | 1FDZW82E1SVA09353 | USED 1995 FORD LNT8000 |

This Equipment Schedule "A" is hereby verified as correct by the undersigned Borrower who acknowledges receipt of a copy.

Borrower Name: CMK ENGINEERING, INC.

Signature: **X** _____

**IFC**

CREDIT CORPORATION

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To _Michael L. Keith CMK Engineering, Inc._
Street, Apt. No.; or PO Box No. _4142 W. Paradise LN._
City, State, ZIP+4 _Phoenix, AZ 85053-3712_

PS Form 3800, June 2002                See Reverse for Instructions

## NOTICE OF DEFAULT AND AC...
### September 4, 2007
### CERTIFIED MAIL/RETURN RE...

Michael L. Keith
RE: CMK Engineering, Inc.
4142 W. Paradise Lane
Phoenix, AZ 85053-3712

**RE:    IFC Credit Corporation dba FIRSTCORP Lease # 22769001 CMK Engineering, Inc.**
**Dear: Mr. Keith,**

Notwithstanding IFC Credit Corporation's efforts to resolve the delinquent status of your account, we now find no alternative but to accelerate the subject Lease Agreement, a copy of which is enclosed, and make demand upon you for full performance **pursuant to the terms and conditions set forth under said Agreement.**

Be hereby advised that events of default, in accordance with the terms of the subject Agreement, have occurred, and continue as of this date. As a result of such events of default:

1.    We HEREBY declare the entire amount under the Agreement immediately due and payable.

2.    We HEREBY MAKE DEMAND upon you and any Guarantor(s), each of them, for immediate payment of all amounts due under said Agreement, as set forth below, in the amount of $150,296.06.

3.    NOTICE is given to you and any Guarantor(s) that we intend to assert all available rights and remedies under the Agreement, including and without limitation the right to recover attorney's fees and costs incurred in connection with Lessee's default; the right to recover from Lessee all reasonable expenses incurred in retaking, holding and preparing the equipment for sale of other disposition; and the right to recover all amounts due and owing to us:



MEMBER



8700 Waukegan Road, Suite 100, Morton Grove, Illinois 60053 • (847) 663-6700 • Fax: (847) 663-6702



CREDIT CORPORATION

Page two
Lease No. 22769001

| | |
|---|---|
| Rent due as of today's date<br>(includes all applicable taxes)<br>Oldest Date Rent Due 06/10/07 | =$7,535.85 |
| Late Charges Due | $1,142.43 |
| Doc Fee | |
| Returned Check Fees | |
| Insurance | |
| Number of Future rentals 31 | |
| Amount of each Rental $2,538.76 | |
| PV of Future Rentals | $78,701.56 |
| PV of the residual | $62,957.44 |
| Sales Tax on Residual | $5,036.60 |
| Security Deposit | -$5,077.82 |
| BALANCE DUE IFC Credit<br>(Subject to final Audit upon Payment) | $150,296.06 |

If receipt of certified funds in the amount of $150,296.06 and return of the subject equipment, has not occurred by 5 p.m. on September 14th, 2007 , Lessee and any Guarantor(s) are advised that we will have no alternative but to immediately enforce our legal rights and remedies under said Agreement to enforce compliance therewith.   Receipt of any monies less than the entire amount demanded herein will not alter our rights or intention under the terms of the subject Agreement. Any such sums received will be deposited and applied against the sums due, but no such act shall cure any default declared herein or affect acceleration of all sums due as set forth herein.

Sincerely,
Barry Novak

Senior Collections Rep
IFC Credit Corporation DBA FirstCorp Leasing
Ph. 847-324-1536 / E-mail bnovak@ifccredit.com
encl.
cc:    Regular Mail

MEMBER



8700 Waukegan Road, Suite 100, Morton Grove, Illinois 60053 • (847) 663-6700 • Fax: (847) 663-6702

MEMBER

